On April 24, 1974, the court, after consideration of the briefs and oral argument, dismissed plaintiffs petition in this case — which alleged an improper separation from government service — on the ground that there was no illegality or impropriety in the removal proceedings. Borasky v. United States, 204 Ct. Cl. 874 (1974), cert. denied, 421 U.S. 977 (1975).[1] More than five years later (on August 8, 1979), the plaintiff filed an uncaptioned motion which was filed as a motion under Rule 152. In this motion plaintiff asks that the judgment of April 24, 1974, be set aside on the ground that the Government made false representations to the court in the 1974 presentation and has not up to this time allowed him to see all the documents which (in his view) will show that such false representations Were made.
Defendant opposes the motion as too late under Rule 152 and in any event as lacking in sufficient detail as to move this court to act under that Rule.
*888 We agree with defendant. Rule 152(b) expressly limits a motion for relief on the ground of fraud or misrepresentation to a period "not more than 1 year after the judgment, order, or proceeding was entered or taken.” In this instance, more than 5 years have elapsed. The motion is far too late. Moreover, plaintiff has given us nothing but broad and conclusory allegations of government misconduct; there is no proffer of any sufficient or specific proof which would call upon this court to inquire into these general allegations.
If because of plaintiffs pro se status we indulge him and consider his motion as an "independent action” under Rule 152 (even though it was filed under the docket number of the prior case), the new case would have to be dismissed. The original claim having first arisen more than six years ago, this court is without jurisdiction of any new, independent action seeking relief for that claim. 28 U.S.C. §2501. In addition, the fraud allegations lack the specificity required for such an "independent action.” See Andrade v. United States, 202 Ct. Cl. 988, 998, 485 F. 2d 660, 665 (1973), cert. denied, 419 U.S. 831 (1974).
It is therefore ordered, without oral argument, that plaintiffs motion or petition of August 8, 1979, is denied or dismissed.

 The case came before the court on the parties’ cross motions for summary judgment and plaintiffs oral motion requesting reinstatement.