**CHEYENNE–ARAPAHO TRIBES OF INDIANS OF OKLAHOMA, et al.**

v.

**The UNITED STATES.**

Nos. 342–70, 343–70.

United States Claims Court.

Dec. 3, 1982.

See also, Ct.Cl., 671 F.2d 1305, 1 Cl.Ct. 293.

Patricia L. Brown, Washington, D.C., for Hoopa Valley Tribe.

Harold C. Faulkner, San Francisco, Cal., for proposed intervenor.

Robert E. Fraley, Washington, D.C., with whom was Asst. Atty. Gen. Carol E. Dinkins, Washington, D.C., for defendant.

---

## OPINION

LYDON, Judge:

██ On November 4, 1982, a motion to intervene was filed by seven individuals on their own behalf and on behalf of all other Indians of the Hoopa Valley Reservation who are plaintiffs in *Jessie Short v. United States,* 202 Ct.Cl. 870, 486 F.2d 561 (1973), *cert. denied,* 416 U.S. 961, 94 S.Ct. 1981, 40 L.Ed.2d 313 (1974). *See Hoopa Valley Tribe v. United States,* 419 Ct.Cl. 492, 596 F.2d 435 (1979) and *Jessie Short v. United States,* Defendant and *Hoopa Valley Tribe of Indians,* Defendant-Intervenor, Ct.Cl. No. 102–63, decided September 23, 1981. Accompanying said motion were additional papers, which motion and papers are summarized as follows:

(1) Motion To Intervene As Plaintiffs In Order To Set Aside Judgment In Favor of the Hoopa Valley Tribe, together with a "Complaint In Intervention;" [1]

(2) Motion For Permission To Represent Other Indians Of The Hoopa Valley Reservation As An Identifiable Group Of Indians; [2]

(3) Motion For Relief From Judgment Of February 10, 1982, In Favor Of The Hoopa Valley Tribe;

(4) Motion For Stay Of Execution Of Judgment And Of Administrative Proceedings To Develop Judgment Distribution Plan.[3]

The genesis for the motions package is a decision by the United States Court of Claims, rendered on February 10, 1982, in *Cheyenne-Arapaho Tribes of Indians of Oklahoma, Hoopa Valley Tribe v. United States,* 229 Ct.Cl. ——, 671 F.2d 1305 (1982), wherein the Court of Claims entered judgment in favor of the Hoopa Valley Tribe for $669,150.51. The motions described in subparagraphs 1, 2 and 4, *supra,* are subservient to and dependent on the allowance of the motion for relief from judgment, described in subparagraph 3 above. If the motion for relief from judgment is denied, the other motions will, of necessity, lack any basis for allowance and will therefore be subject to denial. Accordingly, the viability of these motions depends on the abili-

---

1. Absent unusual and compelling circumstances, a motion to intervene under Rule 24 is untimely if litigation has been concluded and judgment entered, which is the situation in question. *Firebird Society, Inc. v. New Haven Bd. of Fire Comm'rs.,* 66 F.R.D. 457 (D.C.Conn. 1975), *aff'd,* 515 F.2d 504 (2nd Cir., 1975), *cert. denied,* 423 U.S. 867, 96 S.Ct. 128, 46 L.Ed.2d 96 (1975); *see also McClain v. Wagner Elec. Corp.,* 550 F.2d 1115 (8th Cir.1977) and *Halderman v. Pennhurst State Sch. & Hospital,* 612 F.2d 131, 134 (3d Cir.1979). Further, where relief is available elsewhere, intervention is inappropriate. *Meridan Homes v. Nicholas W. Prassas & Co.,* 89 F.R.D. 552 (N.D.Ill.1981). *See* note 3 *infra.* It is not necessary to decide the propriety of intervention, at this time, in light of the present jurisdictional impediment to the proceedings sought, a matter to be discussed shortly.

2. The movants seek, in essence, a class action under Rule 23 but seek relief from the individual notice requirement and request that the filing of individual claims not be required. This is not the procedure that was authorized in *Jessie Short v. United States,* Ct.Cl. No. 102–63 or in *Quinault Allottee, Ass'n. v. United States,* 197 Ct.Cl. 134, 453 F.2d 1272 (1972). The jurisdictional impediment, referred to above, requires that action on this motion be pretermitted.

3. The motion for stay most probably is moot because execution of the judgment has already been effectuated. Further, the development of a judgment distribution plan is more properly the function and responsibility of the Secretary of the Interior. This court, like its predecessor, has no injunctive authority to enjoin the Secretary in the exercise of this responsibility. *See Hix v. United States,* 229 Ct.Cl. —— (Ct.Cl. No. 174–81C, order entered Oct. 30, 1981). *See also United States v. King,* 395 U.S. 1, 3–4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969). That authority, if any, lies with an appropriate District Court. The court has been advised that movants, on November 10, 1982, filed a Complaint for injunctive relief with the Federal District Court for the Northern District of California No. C82–6196 TEH. On the same day, the parties advise, the movants obtained a Temporary Restraining Order against the Secretary of Interior and the Bureau of Indian Affairs enjoining said parties from submitting a judgment distribution plan to Congress under 25 U.S.C. §§ 1401–1407 (1976). If movants are proceeding in the District Court, as suggested by the parties, then the provisions of 28 U.S.C. § 1500 may well serve to justify denial of the present motions. However, as with the prior motions under discussion, the jurisdictional issue precludes ruling on the matter at this time.

ty of the movants to convince this court that it has jurisdiction to grant its motion (subparagraph 3, *supra* ) for relief from the February 10, 1982, judgment of the Court of Claims. In their motion for relief from judgment, movants request that the judgment of February 10, 1982, be set aside and that a new judgment of $669,150.51 be entered "on behalf of all Indians of the Hoopa Valley Reservation." In essence, movants seek to alter, modify or change the Court of Claims' decision of February 10, 1982. It is concluded this court lacks jurisdiction to do this.

Movants claim the judgment of February 10, 1982, was entered because of fraud and misconduct on the part of the Hoopa Valley Tribe and the government and thus justifies, under Rule 60(b), granting the action sought. The motion for relief from judgment, viewed in a light most favorable to movants, has to be treated as an "independent action" under Rule 60(b) (formerly Rule 152(b) under the Court of Claims Rules). *See 1776 K Street Associates v. United States,* 221 Ct.Cl. 256, 602 F.2d 354 (1979); *Stell v. United States,* 213 Ct.Cl. 695 (1977). However, it has been held that an independent action does not lie to set aside a judgment of another court. A truly independent action under Rule 60(b) must be directed at setting aside a judgment of the Claims Court, it cannot now be used to set aside a judgment of a different court, *i.e.,* the Court of Claims. *Carney v. United States,* 199 Ct.Cl. 160, 462 F.2d 1142 (1972).[4] Without deciding the issue, there is also a question as to whether the fraud allegations of movants meet the specificity requirements of an "independent action." *See Borasky v. United States,* 221 Ct.Cl. 887 (1979); *Warren v. United States,* 205 Ct.Cl. 823 (1974); *Andrade v. United States,* 202 Ct.Cl. 988, 998, 485 F.2d 660, 665 (1973), *cert. denied,* 419 U.S. 831, 95 S.Ct. 55, 42 L.Ed.2d 57 (1974). Quite apart from the general holding of *Carney v. United States, supra,* there is a more specific impediment to the jurisdiction of this court to alter,

modify or change a past decision of the Court of Claims.

■ Section 403(c) of the Federal Courts Improvement Act of 1982, Pub.L. 97–164, 96 Stat. 25, 58, provides in pertinent part:

Any petition for rehearing, reconsideration, alteration, modification, or other change in any decision of the United States Court of Claims * * * rendered prior to the effective date of this Act [October 1, 1982] * * * that is filed after that date, shall be determined by the United States Court of Appeals for the Federal Circuit.

The plain language, *supra,* clearly indicates that the Claims Court does not have jurisdiction to alter, modify or change in any way the decision of the United States Court of Claims, rendered on February 10, 1982; that jurisdiction rests with the United States Court of Appeals for the Federal Circuit.

Having concluded that there is a want of jurisdiction in the Claims Court to grant movant's request for relief from a decision of the Court of Claims rendered prior to October 1, 1982, IT IS ORDERED that the package of motions, described above, which are dependent on the granting of such relief from judgment, be and hereby is transferred to the United States Court of Appeals for the Federal Circuit for appropriate action pursuant to Section 1631 of the Federal Courts Improvement Act of 1982, *supra.* *See Hadley v. Department of Navy,* Ct.Cl.App. No. 7–80, order entered Nov. 13, 1981; *Dunn v. United States,* 228 Ct.Cl. ——, 654 F.2d 64, 67–68 (1981).

---

4. For a recent decision on Rule 60(b) *see Indian Head Natl Bank of Nashua v. Brunelle,* 689

F.2d 245 (1st Cir.1982).

See also, Ct.Cl., 671 F.2d 1305, 1 Cl.Ct.
290.