ARLENE SHIMKUS, Plaintiff-Appellee, *v.* BOARD OF REVIEW OF THE ILLINOIS DEPARTMENT OF LABOR *et al.*, Defendants-Appellants.

First District (4th Division)   No. 82—1939

Opinion filed September 1, 1983.

Tyrone C. Fahner, Attorney General, of Springfield (Kathleen M. Lien, Assistant Attorney General, of counsel), for appellants.

Frank M. Grenard, of Lafontant, Wilkins, Jones & Ware, of Chicago, for appellee.

PRESIDING JUSTICE ROMITI delivered the opinion of the court:

Plaintiff after her discharge from employment received unemployment compensation insurance. She filed a civil rights suit (42 U.S.C. sec. 1981 *et seq.* (1976)), against the employer. This suit was settled. The agreed order while specifically for "damages" was keyed to her salary; she was also restored to her position and her employment benefits were restored. The employee's list of losses for which she sought reimbursement if the case was settled listed as the major claim salary loss of $17,600. The Department of Labor found that the settlement was in fact for back pay or wages and thus that she was required to return the $5,229. The circuit court reversed. We reverse and render judgment for the Department of Labor.

Arlene Shimkus, plaintiff, was discharged from her position as an administrative assistant at Cermak Memorial Hospital on November

8, 1979. Claiming that she was wrongfully discharged, plaintiff filed a civil rights action in the United States District Court for the Northern District of Illinois against Cook County Hospital, Cook County Prison Health Services, Cook County Board, William J. Silverman, individually and as an agent of Cook County Hospital, and Robert Dean, individually and as an agent of Cook County Hospital and Cook County Prison Health Services.

During negotiations to settle the civil rights claim, plaintiff's attorney sent a letter to the assistant State's Attorney representing the defendants, listing the losses sustained by plaintiff for which reimbursement was sought in order to settle the claim. The letter reads as follows:

"Pursuant to our conversation, I am listing herein the losses sustained by Arlene Shimkus for which she seeks reimbursement in the event we are able to settle this cause of action:

| | | |
|---|---|---|
| 1. Salary loss | $17,600.00 | |
| 2. Sick time loss with no pay | 1,600.00 | |
| 3. Pension benefits | 1,496.00 | |
| 4. Funeral days | 321.54 | |
| 5. 5 holidays | 516.92 | |
| 6. Employment search expenses | 650.00 | (15.00 each week) |
| 7. Insurance expenses - life | 211.20 | (19.20 per month) |
| 8. Insurance expenses - health | 550.00 | (50.00 per month) |
| 9. Physician and hospital expenses | 2,749.50 | |
| 10. Moving expenses | 300.00 | |
| 11. Loss of lunches | 440.00 | (2.00 x 220 days) |
| 12. Legal fees | 4,400.00 | |
| TOTAL | $30,835.16 | |

Please call if you have any questions. In the event we are able to resolve this matter based upon the payment of the above listed expenses, without the necessity of litigation, please advise."

The civil rights claim was settled against all parties except Robert Dean individually. Dean was the only party, as the Federal district court ruled in its order, against whom a claim for punitive damages could be brought. Pursuant to the settlement, Judge Frank J. McGarr of the United States District Court for the Northern District of Illi-

nois entered a judgment order to (a) dismiss defendants, except Dean, (b) to pay plaintiff $22,885.69 "for damages and compensation," (c) to restore plaintiff to her position of employment and to all benefits she was entitled to but for the discharge, and (d) to increase the monetary consideration awarded by any salary adjustment to which she would have been entitled and would have received had she been in the continuous employment of the defendant. It was further provided that the monetary conditions were settlements "as and for damages."[1]

The claim being settled, the assistant State's Attorney sent a letter to the Cook County Commissioners advising them that the claim had been settled and asking them to have a check made payable to plaintiff in the amount of $18,033.98 for "back pay and actual damages." The letter further stated that the check for plaintiff was "net of taxes which are $4,312.63 (Federal) and $539.08 (State) and which must be forwarded by us to the taxing agencies." While counsel for plaintiff stated to the circuit court that such taxes were refunded, we have been unable to find any evidence in the record of this fact—though this would not affect our decision since the Department of Labor is not bound by the determinations of the Internal Revenue Service or the Illinois Department of Revenue.

During the pendency of the civil rights suit, Shimkus had been paid $133 weekly unemployment compensation benefits for the weeks of April 19, 1980, through January 10, 1981. After the settlement the Department of Labor sought to recoup the monies paid, relying on section 900(D) of the Unemployment Insurance Act (Ill. Rev. Stat. 1979, ch. 48, par. 490(D)), which provides:

> "D. Whenever, by reason of a back pay award made by any governmental agency or pursuant to arbitration proceedings, or by reason of a payment of wages wrongfully withheld by an employing unit, an individual has received wages for weeks with respect to which he has received benefits, the amount of such benefits may be recouped or otherwise recovered as herein provided."

Wages are defined in section 234 (Ill. Rev. Stat. 1981, ch. 48, par. 344) as:

> "Sec. 234. Subject to the provisions of Section 235 and 245C, 'wages' means every form of remuneration for personal services, including salaries, commissions, bonuses, and the reason-

---

[1]Plaintiff repeatedly states in her brief that the order provides that the settlement was for damages and not a back pay award. In fact however there was no language in the order stating it was not compensation for back pay or lost wages.

able money value of all remuneration in any medium other than cash."

At the administrative hearing, besides the aforementioned evidence, there was testimony from the employer's witness that the settlement was negotiated over the categories of alleged losses enumerated in the letter her attorney had sent. The settlement was reached by adding together her various losses including back pay. The Department of Labor ruled that the settlement was based on back pay. The circuit court reversed on the grounds that the purpose of the Civil Rights Act was to pay damages but also to penalize officials, the judgment said it was for damages and not for specific losses (this is inaccurate as there was no such statement in the order), the purpose of the order was not to reimburse her for back pay, and the Director of Labor was bound by the settlement order.

I

■■ Shimkus first contends that the Department of Labor was bound by the Federal court adjudication. But the Department of Labor was not a party to that lawsuit, and it is hornbook law that a person's rights cannot be precluded by litigation to which it is a stranger. The doctrine of collateral estoppel can only be applied against a person who was either a party to the first lawsuit or in privity therewith. (*Claiborne v. Hutchinson* (1978), 67 Ill. App. 3d 374, 385 N.E.2d 29.) Plaintiff contends in her brief that of course the Department of Labor was in privity with the employer. However, she cites no authority for this proposition. Certainly a taxing body is not in privity with the one taxed merely because it receives money from him or her. Nor is one agency of the government in privity with another agency of another government. It appears from plaintiff's brief that she rests her contention on the supposition that since the county was a nonprofit organization, it would recover back any money recouped by the Department. Plaintiff in her brief has cited no evidence in the record establishing that the employer had elected to make payments in lieu of contributions under section 1405 of the Act (Ill. Rev. Stat. 1979, ch. 48, par. 555), and it would appear from section 1404 of the Act (Ill. Rev. Stat. 1979, ch. 48, par. 554) that only such employers would recover back the full amount paid. In any event, the Act does not make the Department's right to recover dependent on the right of the employer, although, of course, the employer's right is dependent on the right of the Department, and we cannot read such a requirement into the statute. At most the county's conduct could bar its own recovery from the Department or render it liable to the employee but

particularly in light of the fact that the doctrines of estoppel and waiver are rarely applied to governmental agencies (*People ex rel. Department of Transportation v. Fansler* (1982), 103 Ill. App. 3d 149, 430 N.E.2d 741; *County of Cook v. Patka* (1980), 85 Ill. App. 3d 5, 405 N.E.2d 1376), it would be improper to allow an unrelated agency by its conduct to destroy a clearly provided statutory right.

## II

■ Whether the Department can, under any circumstances, be considered bound by the judgment is, however, immaterial since we conclude that the Department's finding that the judgment was to indemnify the plaintiff for lost wages was supported by the evidence. The judgment stated that the award was for damages and compensation; back pay was never excluded as an element of damages. An award of back pay and an award of damages are not necessarily mutually exclusive since lost wages are frequently part of an award for damages. In this case the precise amount of the money award was governed by the amount of salary adjustments. This makes no sense unless the award was for lost wages. Thus even if we consider only the four corners of the judgment itself we find the decision of the Department reasonable.

This conclusion is rendered inescapable when one considers the settlement negotiations.[2] As the district court ruled, plaintiff in the civil rights suit could only recover compensatory damages, that is, damages for actual injuries and losses sustained. The district court could not, as the circuit court seemed to believe, award damages merely to punish the county, and before the plaintiff could recover more than nominal damages, she had to prove actual injury. (*Seymore v. Readers Digest Association, Inc.* (S.D.N.Y. 1980), 493 F. Supp. 257.) But according to the record the only losses the plaintiff claimed she sustained were for lost wages and a few lesser job-related losses. The district court's judgment had to have been for these losses. Loss of earnings (*T & S Service Associates, Inc. v. Crenson* (1st Cir. 1981),

---

[2]Plaintiff's contention that settlement negotiations are privileged and never admissible is without merit. Evidence of settlements and settlement offers is generally inadmissible as a matter of public policy and because such evidence is irrelevant. (*Ross v. Danter Associates, Inc.* (1968), 102 Ill. App. 2d 354, 242 N.E.2d 330; *Hill v. Hiles* (1941), 309 Ill. App. 321, 32 N.E.2d 933.) But where the settlement offer is relevant to the issues it is of course relevant and admissible. *Smiley v. Manchester Insurance & Indemnity Co.* (1977), 49 Ill. App. 3d 675, 364 N.E.2d 683, *aff'd* (1978), 71 Ill. 2d 306, 375 N.E.2d 118.

666 F.2d 722; *Waters v. Wisconsin Steel Works* (7th Cir. 1974), 502 F.2d 1309, *cert. denied* (1976), 425 U.S. 997, 48 L. Ed. 2d 823, 96 S. Ct. 2214) and back pay (*Johnson v. Goodyear Tire & Rubber Co.* (5th Cir. 1974), 491 F.2d 1364) can be awarded under the Act as appropriate measures of damages.

It follows that the decision of the Department of Labor was supported by the substantial weight of the record and should have been affirmed. Moreover this decision is reasonable. The purpose of the Unemployment Insurance Act is to protect those who are unemployed and not receiving wages. But plaintiff, although temporarily out of work, did succeed in recovering those wages from her employer. She has no need of a double recovery.

Judgment of circuit court reversed and case remanded to circuit court with instructions to enter judgment on the award of the Department of Labor.

Reversed and remanded with instructions.

JIGANTI and LINN, JJ., concur.