**FEDERAL DEPOSIT INSURANCE COR-
PORATION, Plaintiff-Appellee,**

v.

**John P. HANRAHAN, Defendant.**

**Appeal of Patricia E. HANRAHAN,
Applicant for Intervention.**

**No. 79–1579.**

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 1, 1979.

Decided Jan. 14, 1980.

Mark M. Camp, Wauwautosa, Wis., for defendant.

John W. Hein, Milwaukee, Wis., for plaintiff-appellee.

Before WOOD and CUDAHY, Circuit Judges, and GRANT, Senior District Judge.*

HARLINGTON WOOD, Jr., Circuit Judge.

This is an appeal from an order of the district court denying Mrs. Patricia E. Hanrahan's motion to intervene in attachment proceedings. We affirm.

On August 20, 1976, the Federal Deposit Insurance Corporation (FDIC) brought an action in the Federal District Court for the Eastern District of Wisconsin against John P. Hanrahan, a resident of Kansas,[1] to collect on a promissory note in the principal amount of $51,652.78, plus interest. On September 12, during the pendency of the action, Mr. Hanrahan entered into a contract to sell his former Wisconsin residence, which he owned in joint tenancy with his wife, the appellant, Mrs. Patricia E. Hanrahan. On November 2, the day before the scheduled closing of the house sale, the district court, after a hearing, granted FDIC a writ of attachment against Mr. Hanrahan's interest[2] in his former residence pursuant to Wisconsin Statutes sections 811.03(1)(e),

811.11, and 811.12 (1977).[3] Those sections provide for pre-judgment attachment of non-exempt Wisconsin real estate belonging to a non-resident debtor who is indebted in a sum exceeding fifty dollars. On November 9, Mr. Hanrahan moved to dissolve the writ, proposing to deposit into the court approximately $22,500, which represented one-half of the anticipated net proceeds from the sale of the house. After a hearing the court denied his motion. Within the next few days the parties agreed to a release of the writ provided Mr. Hanrahan deposit a $45,000 cash bond with the clerk of the court which would inure to the party ultimately prevailing in the action on the note. On November 14, the court entered an order adopting the stipulation. The residence was sold following the order. Mr. Hanrahan deposited the $45,000 with the court on November 16. On November 21 the court released the writ.

On December 20, Mrs. Hanrahan, also a resident of Kansas, moved to intervene as a party-plaintiff pursuant to rule 24(a)(2) of the Federal Rules of Civil Procedure by claiming a one-half interest in the $45,000 bond based upon her one-half ownership in the residence. The district court denied her motion on three grounds: (1) Mrs. Hanrahan's application to intervene was untimely; (2) the $45,000 release consideration was

---

* Honorable Robert A. Grant, Senior District Judge of the Northern District of Indiana, is sitting by designation.

1. Mr. and Mrs. Hanrahan were formerly residents of Wisconsin but moved to Kansas in September of 1978.

2. The district court in its Memorandum and Order said the writ was issued against the property of both Mr. *and* Mrs. Hanrahan. The record reveals, however, that the writ attached only "all the interests of John P. Hanrahan" in the residence. The appellant, Mrs. Hanrahan, admits in her brief that the writ of attachment "did not name Patricia [Hanrahan] in any way."

3. These sections provide in relevant part:
811.03 Basis for attachment. (1) ON CONTRACT OR JUDGMENT. Before any writ of attachment shall be executed the plaintiff or some one in the plaintiff's behalf shall make

and annex thereto an affidavit setting forth specific factual allegations to show that the defendant is indebted to the plaintiff in a sum exceeding $50 specifying the amount above all setoffs, and that the same is due upon contract or upon a judgment and that the affiant knows or has good reason to believe

. . . . :

\* \* \* \* \* \*

(e) That the defendant is not a resident of this state.
811.11 Attachment of real estate. To attach real estate the sheriff shall file in the office of the register of deeds a copy of the writ with his certificate that by virtue of the original writ he has attached all the interest of the named defendant in such real estate, describing the same.
811.12 What may be attached; how attached. All the property of the defendant, not exempt from execution, may be attached.

not comprised of her interest; and (3) by acquiescing in the conditional release of her property, Mrs. Hanrahan was estopped from asserting a separate interest in the funds on which the court conditioned the release.

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides for intervention as of right by an applicant who: (1) timely applies; (2) claims an interest "relating to the property or transaction which is the subject of the action"; (3) is "so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest"; and (4) is not "adequately represented by the existing parties."[4]    Fed.R.Civ.P.  24(a)(2);  *Central States, Southeast, and Southwest Areas Health and Welfare Fund v. Old Security Life Insurance Co.*, 600 F.2d 671 (7th Cir. 1979).

■ Mrs. Hanrahan asserts that the district court incorrectly ruled on the timeliness of her motion to intervene. Timeliness is a threshold question in a rule 24(a) application and is determined by the court from all the circumstances in the exercise of its sound discretion. *NAACP v. New York*, 413 U.S. 345, 366, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973). That determination is not set aside on review without a showing of an abuse of discretion. *Id.; Romasanta v. United Airlines, Inc.*, 537 F.2d 915 (7th Cir. 1976), *aff'd, United Airlines, Inc. v. McDonald*, 432 U.S. 385, 97 S.Ct. 2464, 52 L.Ed.2d 423 (1977).

■ Mrs. Hanrahan claims that her motion to intervene in the attachment proceedings on December 20, thirty days after the writ of attachment on her house was discharged, was timely in view of her remoteness from the forum, the necessity to retain local Wisconsin counsel, and the need for local counsel to become acquainted with the nature of the dispute. The essence of her claim is that she had no interest in the attachment proceedings until her half of the proceeds from the sale of the house was deposited into court in exchange for release of the writ. Thus, she asks the court to calculate timeliness from the date of release of the writ of attachment. Her right to intervene, however, arose well in advance of that date; it arose on November 2 when the writ of attachment issued against her husband's interest in the jointly owned residence that was under contract for sale. Her interest arose at that time because she then had an interest, of which she was aware, in the property. Although Mrs. Hanrahan did not receive notice of that writ, she cannot reasonably claim, nor does she claim, that she was actually unaware of the proceedings. *Commonwealth of Pennsylvania v. Rizzo*, 530 F.2d 501, 507 (3d Cir.), *cert. denied*, 426 U.S. 921, 96 S.Ct. 2628, 49 L.Ed.2d 375 (1976). In fact, her counsel admitted in oral argument that she did not intervene sooner because the attachment was not on her property, not because she did not have notice of the proceedings. The writ of attachment prevented the closing of the sale of the house in which she had an interest and this effect ought to have alerted her to the necessity of intervention even though her half interest in the property was not attached. However, she failed to exercise her rights and instead waited forty-nine days from the date of attachment to file her application to intervene, a period of time which the district court could find not excusable on account of remoteness from the forum or need to familiarize an attorney with the nature of the dispute.

Moreover, to allow Mrs. Hanrahan to intervene this late in the proceedings would cause the very harm to FDIC that underlies the timeliness requirement of rule 24. *Romasanta*, 537 F.2d at 918; *EEOC v. United*

---

4. Rule 24(a) of the Federal Rules of Civil Procedure provides:

    (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

*Air Lines, Inc.,* 515 F.2d 946, 949 (7th Cir. 1975). FDIC obtained a writ of attachment against Mr. Hanrahan's property pursuant to statutory procedures because it anticipated judgment against Mr. Hanrahan on its action on the $51,652.78 note. FDIC had the statutory right to refuse to release that writ unless Mr. Hanrahan delivered to the court a bond equal to either the amount alleged by FDIC to be due, the value of the property attached, or a sum fixed by the court.[5] However, in light of the impending sale of the house, FDIC consented, and the court agreed, to release the writ on a $45,000 bond. After the writ was released, the property was sold. To allow Mrs. Hanrahan to intervene subsequent to the sale of that property to contest the validity of the $45,000 cash bond may cause irreparable harm to FDIC whose release of the security is irrevocable now that the house has been sold. If Mrs. Hanrahan were successful in her claim to one-half of the $45,000 bond now deposited in the court, FDIC, which consented to release the writ in reliance on the $45,000, would be left with only $22,500 towards its judgment on the note, a sum which the trial judge did not fix as required by Wisconsin law and to which the FDIC did not agree. Thus, the district court correctly concluded that Mrs. Hanrahan's application to intervene after the release of the writ and dissipation of the security was untimely.

Even if the threshold requirement of timeliness were satisfied, Mrs. Hanrahan still could not intervene because she lacks the requisite interest under rule 24(a)(2) in the property or transaction. Mrs. Hanrahan claims that the $45,000 bond consists of the proceeds of the sale of the jointly owned Wisconsin residence and that she agreed to the payment to the court of her one-half interest in such proceeds under economic duress. She claims that FDIC knew continuation of the writ would expose her to damages for breach of the contract to sell, liability for additional expenses, interest and taxes on the property, and foreclosure of the outstanding mortgages. Thus, she consented to deposit her portion of the sale proceeds to avoid these heavy penalties.

The record shows that FDIC required nothing of Mrs. Hanrahan and would have been satisfied with $45,000 from any source.[6] Thus, the origin of that money was irrelevant and the district court determined that the bond was not impressed with "any coloration" of "interest." Nevertheless, even if that bond in fact consisted of the proceeds of the sale of the house, Mrs. Hanrahan admits that she consented to release her half of the net proceeds. Her consent relinquished whatever interest she had in those proceeds. Nor was her consent, as she claims, under duress because duress requires at least an unjust or illegal demand, *Minneapolis, St. Paul & Sault Ste. Marie R. v. Railroad Commission,* 183 Wis. 47, 56, 197 N.W. 352, 355 (1924), and FDIC's requirement of a $45,000 bond from any source as a condition to its release of the writ was neither unjust nor illegal. Therefore, we find that she did not have an interest in the $45,000 and she may not intervene.

---

5. Wis.Stat. § 811.16 (1977) provides:

   Bond for release of property; estoppel. The defendant may, at any time before judgment, deliver to the officer who attached the defendant's property a bond executed by 2 sureties, to the effect that they will, on demand, pay to the plaintiff the amount of the judgment, with all costs, that may be recovered against the defendant in the action, not exceeding the sum specified in the bond with interest. The bond shall be at least the amount alleged by the plaintiff to be due or, at the defendant's option, the value of the property attached, according to the appraisement; or, if real estate, in a sum fixed by the court or a judge, on notice.

Mr. Hanrahan's motion to dissolve the writ by fixing a sum of $22,500 was rejected by the judge at a hearing held on November 9. The judge left it to the parties to agree on an acceptable sum.

6. Neither the written stipulation nor the district judge's order mention the source of the money. The written stipulation between FDIC and Mr. Hanrahan provided that a cash bond of $45,000 was sufficient to release the writ. The order signed by the district judge provided that the marshal would file a certificate discharging the writ upon being advised that $45,000 was deposited with the court. The judge added that the $45,000 did not represent anyone's interest.

We find it unnecessary to reach the question of estoppel and accordingly affirm the district court's denial of Mrs. Hanrahan's motion to intervene on the basis of both untimeliness and lack of interest.

*Affirmed.*