**MERIDIAN HOMES CORPORATION,**
Plaintiff-Appellee,

v.

**NICHOLAS W. PRASSAS & COMPANY,**
an Illinois Corporation,
Defendant-Appellee,

and

**Jerome R. Prassas and Philip G. Prassas,**
Proposed Intervening
Defendants-Appellants.

No. 81–1568.

United States Court of Appeals,
Seventh Circuit.

Argued March 29, 1982.

Decided July 9, 1982.

Philip E. Couri, Couri & Economos, Winnetka, Ill., for proposed intervening defendants-appellants.

Richard J. Brennan, Winston & Strawn, Chicago, Ill., for defendant-appellee.

Before PELL, SPRECHER* and CUDAHY, Circuit Judges.

CUDAHY, Circuit Judge.

This case involves the petition of Jerome and Philip Prassas to intervene in an action brought by Meridian Homes Corporation ("Meridian") against Nicholas W. Prassas & Company (the "Prassas Company"). The underlying lawsuit concerns a joint venture agreement. The Prassas brothers sought to intervene because they own an undivided one-half share of the Prassas Company's "rights and interests" in several real estate developments, including the property which is the subject of the joint venture. The district court denied the petition to intervene. We affirm.

I

The joint venture which is the focus of this action was formed in 1961 between George W. Prassas & Company and Alexander Construction Company. Nine acres were purchased by the joint venture in Romeoville, Illinois, and were planned for development as a shopping center. Although a shopping center ultimately was constructed on the site, less than the total nine acres were developed.

At the time the joint venture agreement was signed, George W. Prassas & Company was a closely held Illinois corporation with two principal stockholders, George Prassas (51%) and Nicholas Prassas (49%). George Prassas died in December, 1966. Pursuant to George's will, Nicholas Prassas received stock equivalent to an additional 1% interest in the company, and the balance of George's stock was put into a trust for the benefit of George's sons, Jerome and Philip Prassas. In August, 1974, the trust made an agreement with George W. Prassas & Company whereby the company purchased all the stock owned by the trust and the corporate name was changed to Nicholas W. Prassas & Company. The trust received, *inter alia*, an undivided one-half interest in the company's rights and interests in various properties, including the nine-acre Romeoville site. The portion of the agreement which described the nature of the interest acquired by the trust stated:

> If any of the interests of the Company referred to in subparagraphs (b) through (g) above is a partnership interest, an undivided one-half of such partnership interest shall be deemed to have been assigned by the Company to you *but you shall not thereby become a partner of such partnership. The relationship between the Company and you shall not be one of partnership.*

(emphasis added). In March, 1978, the trust terminated and the Prassas brothers, as beneficiaries of the trust, acquired the one-half interest free of trust.

Meridian eventually succeeded to Alexander Construction Company's interest in the joint venture (after an intervening transaction wherein Alister Construction Company had purchased the assets of Alexander Construction Company). Meridian initiated an action to dissolve the joint venture in January 1980, claiming that the joint venture's purpose, development of a shopping center,

---

* Circuit Judge Robert A. Sprecher was assigned to the panel to hear oral argument in this case. He had read the briefs prior to oral argument but was unable to be present at the argument and did not participate thereafter in the decision of the case because of his failing health and subsequent death on May 15, 1982.

had been completely fulfilled. The Prassas Company answered that the joint venture could not be terminated because the company had never accepted Meridian as its joint venture partner, and that the purpose of the joint venture had not been completed because the entire nine-acre parcel had not been developed. The parties presented cross-motions for summary judgment based on these positions. On December 30, 1980, the district court held in favor of Meridian as to the developed portion of the property, and ordered a judicial sale of that part of the property. The court found, however, that the parties remained joint venturers as to the undeveloped portion of the property. The company's appeal of that decision is currently pending before this court. *Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, No. 81–2639.

On October 14, 1980, prior to the issuance of the district court's summary judgment decision, Jerome and Philip Prassas filed their petition to intervene and cross claim. The petition to intervene outlined the brothers' interest in the Romeoville property and noted that they had filed suit against the Prassas Company and Meridian in state court requesting specific performance and other relief in relation to the Romeoville property. The petition requested leave to file a cross-claim against the Prassas Company alleging breach of fiduciary duty, requesting injunctive relief and an accounting, and seeking termination of the joint venture.

The district court, 89 F.R.D. 552, entered an opinion and order on March 9, 1981, finding that the brothers were not joint venturers, but rather merely owned a right to half of the profits to which the Prassas Company was entitled from the joint venture. Because the subject of the action between Meridian and the Prassas Company was the status of the joint venture, the court found that the brothers did not have an interest in the subject of the litigation. Further, although the brothers had an interest that would be affected by the litigation, the district court ruled that their interest was not in danger of being impeded or impaired, and could be protected without intervention. Finally, the court found that the brothers' interest in maximizing the profits of the joint venture was adequately represented by the Prassas Company. The court therefore denied the petition to intervene as of right and additionally denied permissive intervention. The brothers appeal that portion of the judgment denying intervention as of right.

## II

Rule 24(a) of the Federal Rules of Civil Procedure sets out four requirements for intervention as of right: (1) timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest by the disposition of the action, and (4) lack of adequate representation of the interest by the existing parties to the action.[1] *See Federal Deposit Insurance Corp. v. Hanrahan*, 612 F.2d 1051, 1053 (7th Cir. 1980); *Central States, Southeast & Southwest Areas Health & Welfare Fund v. Old Security Life Insurance Co.*, 600 F.2d 671, 679 (7th Cir. 1979). Because no question as to timeliness has been raised in this appeal, our inquiry is reduced to whether the remaining requirements of the rule were met by the proposed intervenors.

What constitutes an "interest" under Rule 24 is by no means unambiguous. Although it is clear that the 1966 amendment of the rule was intended to broaden the kinds of interests cognizable as a basis for intervention as of right, the scope of this liberalization has defied precise definition. In *Cascade Natural Gas Corp. v. El*

---

1. Rule 24(a) provides:

   (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

   Fed.R.Civ.P. 24(a).

*Paso Natural Gas Corp.*, 386 U.S. 129, 87 S.Ct. 932, 17 L.Ed.2d 814 (1967), the Supreme Court indicated that the term "interest" was to be broadly construed. The Court noted the parallel to Rule 19 joinder, where the interest required is no longer construed to be a strictly legal interest. *Id.* at 134 n.3, 87 S.Ct. at 936 n.3. In *Donaldson v. United States*, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971), the Court described the interest required under Rule 24 as "a significantly protectable interest." *Id.* at 531, 91 S.Ct. at 542.

█ The lower federal courts have interpreted these statements of the Supreme Court as encouraging liberality in the definition of an interest, but still suggesting rigor in the requirement that the interest be direct and substantial. *See, e.g., Heyman v. Exchange National Bank*, 615 F.2d 1190, 1193 (7th Cir. 1980); *Federal Deposit Insurance Corp. v. Hanrahan*, 612 F.2d 1051, 1054 (7th Cir. 1980); *New York Public Interest Research Group, Inc. v. Regents of the University of New York*, 516 F.2d 350, 351-52 (2d Cir. 1975); *Air Lines Stewards and Stewardesses Association, Local 550 v. American Airlines, Inc.*, 455 F.2d 101, 105 (7th Cir. 1972); *Nuesse v. Camp*, 385 F.2d 694, 700–01 (D.C.Cir.1967); *Hobson v. Hansen*, 44 F.R.D. 18, 22–24 (D.D.C.1968). Applying these guidelines to the matter before us, we conclude that the Prassas brothers claim only an indirect interest in the subject matter of the litigation and thus do not meet the requirements of Rule 24. The Prassas brothers have an economic interest based on the 1974 agreement giving them a one-half interest in the joint venture profits earned by the Prassas Company. Their interest, as the district court pointed out, is thus only in the *profits* of the joint venture to which the Prassas Company may be entitled, regardless of whether the joint venture continues in existence or is dissolved. How the profits are generated, how the

joint venture is managed, or whether the joint venture continues are matters which may indeed be of concern to the brothers insofar as they might affect the available profits, but they are not matters in which the brothers have a direct and substantial, and therefore legally protectable, interest.

The terms of the agreement under which the brothers claim their interest specifies that they are not to be considered partners in the joint venture. Under Illinois law, which controls the agreement and thus defines the extent of the brothers' legal rights, a non-partner with an interest in a partnership is entitled only to the share of the profits payable to the partner from whom the non-partner's interest is derived.[2] Thus, the brothers have no legal interest in the continuation or dissolution of the joint venture agreement which is at issue in this litigation. Rather, they have only an indirect interest to the extent that their rights to profits may be affected.

Further, any interest which the Prassas brothers have in the joint venture would not be impaired or impeded by this litigation. The existence of "impairment" depends on whether the decision of a legal question involved in the action would as a practical matter foreclose rights of the proposed intervenors in a subsequent proceeding. *Atlantis Development Corp. v. United States*, 379 F.2d 818, 826–29 (5th Cir. 1967). Potential foreclosure is measured by the general standards of stare decisis. *Id.* at 829. *See also Blake v. Pallan*, 554 F.2d 947, 954 (9th Cir. 1977); *Nuesse v. Camp*, 385 F.2d 694, 701–02 (D.C.Cir.1967). Although a decision on the status of the joint venture may *affect* the interest of the brothers, it would not have any preclusive effect on their asserted claim against the Prassas Company and would not, therefore, impair their ability to protect their interest. The claim of the brothers is basically a claim for

---

2. The applicable provision of the Illinois Partnership Act states:

A conveyance by a partner of his interest in the partnership does not ... entitle the assignee, during the continuance of the partnership to interfere in the management or administration of the partnership business or affairs, or to require any information or account of partnership transactions, or to inspect the partnership books; but it merely entitles the assignee to receive in accordance with his contract the profits to which the assigning partner would otherwise be entitled.

Ill.Rev.Stat. ch. 106½, § 27(1).

breach of fiduciary duty: that the Prassas Company failed to insure that the intervenors received the full benefit of their one-half interest in the profits from the joint venture. This claim is already the subject of a state court action brought by the Prassas brothers against the Prassas Company and Meridian. No issue raised in the action between the Prassas Company and Meridian with respect to the status of the joint venture would jeopardize the claim of the brothers for breach of fiduciary duty.

Finally, any interest that the proposed intervenors do have in the proceedings is adequately represented by the existing parties. Although the burden of proof on the party seeking to show lack of adequate representation is minimal, *Trbovich v. United States*, 404 U.S. 528, 538 n.10, 92 S.Ct. 630, 636 n.10, 30 L.Ed.2d 686 (1972), where it is established that the parties have the same ultimate objective in the underlying action, the intervenors must demonstrate, at the very least, that some conflict exists. *United States Postal Service v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978). Here the interests of the Prassas Company are identical with those of the Prassas brothers. The company, in defending against Meridian, has every incentive to act to maximize its joint venture profits. The existence of an adversary relationship between the company and the brothers with respect to the brothers' share of the profits is surely no deterrent to the maximization of the profits. There is no evidence of collusion between the Prassas Company and Meridian, or potential strategic differences between the brothers and the company, or any other substantial divergence of interests sufficient to meet the Rule 24 requirement of inadequate representation. *Central States, Southeast & Southwest Areas Health & Welfare Fund v. Old Security Life Insurance Co.*, 600 F.2d 671, 681 (7th Cir. 1979); *United States v. Board of School Commissioners*, 466 F.2d 573, 575 (7th Cir. 1972), *cert. denied*, 410 U.S. 909, 93 S.Ct. 964, 35 L.Ed.2d 271 (1973).

The proposed intervenors' failure to fulfill any one of the requirements of Rule 24(a) would be sufficient to deny intervention as of right. Here they have not met any of the requirements of the rule (other than timeliness). The district court therefore properly denied the petition for intervention as of right.

### III

A final argument raised by the proposed intervenors is that the district court need not have determined whether their interest was that of a joint venturer/partner or that of an assignee in order to make a decision on the motion to intervene, and that by making that determination without a full evidentiary hearing, the due process rights of the proposed intervenors were violated. The district court could hardly avoid determining the nature of the interest if the court was to fulfill its duty to determine whether the motion to intervene met the requirements of Rule 24(a). Whether the court's determination comported with due process is dependent on what process was due. *Boddie v. Connecticut*, 401 U.S. 371, 378, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971); *Goldberg v. Kelly*, 397 U.S. 254, 266–70, 90 S.Ct. 1011, 1019–21, 25 L.Ed.2d 287 (1970). Due process does not mandate a full evidentiary hearing in every situation where a liberty or property interest could be affected. "What the Constitution does require is 'an *opportunity* . . . granted at a meaningful time and in a meaningful manner,' 'for [a] hearing appropriate to the nature of the case.'" *Boddie v. Connecticut*, 401 U.S. 371, 378, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965) (emphasis added) and *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 313, 70 S.Ct. 652, 656–57, 94 L.Ed. 865 (1950)).

The intervenors were given an opportunity to be heard on their petition to intervene. In that petition they alleged that their interest in the action was based on the 1974 agreement between the brothers and the Prassas Company. The parties to the underlying action did not dispute the contention that this document defined the brothers' interest. Thus, there was no factual dispute between the parties, but only a legal issue as to the nature of the interest, which had to be resolved in order for the

court to rule on the petition to intervene. Under these circumstances, there was no need for an evidentiary hearing. Further, after making its ruling the court heard a motion to reconsider the denial of the petition to intervene. This provided the proposed intervenors with an additional opportunity to point out further pertinent facts or request an evidentiary hearing to develop additional facts or to resolve factual conflicts. The motion to reconsider, however, disputed only the court's legal conclusion; it raised no factual issues. We therefore find that the district court's procedures satisfied due process.

### IV

For the foregoing reasons, the decision of the district court is

Affirmed.