**COMMODITY FUTURES TRADING COMMISSION and Tyrone C. Fahner, Attorney General of the State of Illinois, Plaintiffs-Appellees,**

v.

**HERITAGE CAPITAL ADVISORY SERVICES, LTD., Jeffrey W. Weaver and Ward A. Weaver, Defendants-Appellees,**

**Appeal of SAELENS BEVERAGES, INC., Proposed Intervenor.**

No. 83–1691.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 22, 1984.

Decided May 10, 1984.*

violation. This result would be in conflict with the purpose of the TILA.

* This appeal was originally decided by unreported order on May 10, 1984. See Circuit Rule 35. The Court has subsequently decided to issue the decision as an opinion.

Dwayne I. Morrison, Barash, Stoerzbach & Henson, Galesburg, Ill., for proposed intervenor.

Helen G. Blechman, C.F.T.C., Washington, D.C., for plaintiffs-appellees.

Before CUMMINGS, Chief Judge, COFFEY, Circuit Judge, and HENLEY, Senior Circuit Judge.**

CUMMINGS, Chief Judge.

Saelens Beverages, Inc. appeals the denial of its motion to intervene as a matter of right, pursuant to Fed.R.Civ.P. 24(a)(2),[1] in the enforcement action maintained by the

Commodity Futures Trading Commission (CFTC) and the State of Illinois against Heritage Capital Advisory Services, Ltd., and its principals Jeffrey and Ward Weaver.[2] Pursuant to that action initiated in the district court on September 28, 1982, and prior to Saelens' motion to intervene, the district court appointed a temporary receiver to take control of all Heritage assets and temporarily enjoined defendants from, *inter alia*, continuing to invest or otherwise disburse those assets.

Subsequently, two separate motions were filed seeking to segregate some of the Heritage funds held in an account at Independence Bank in Elkhorn, Wisconsin.[3] On December 14, 1982, Schaumburg [Illinois] State Bank (later known as the First Bank of Schaumburg) moved to modify the preliminary injunction to allow Independence Bank to release to Schaumburg $278,-146.55 (later reduced to $208,946.55) which Schaumburg claimed had been assigned by Heritage before the initiation of the enforcement action. This motion was denied on August 18, 1983, and that denial was affirmed by this Court by an unpublished order. *C.F.T.C. v. Heritage Capital Advisory Services, Ltd., Appeal of: First Bank of Schaumburg*, 734 F.2d 19 (7th Cir.1984).

On February 9, 1983, Saelens moved to intervene in the CFTC enforcement action to impose a constructive trust on $179,-346.55. Saelens contended that this sum

** The Honorable J. Smith Henley, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, is sitting by designation.

1. Fed.R.Civ.P. 24(a)(2) provides as follows:
   (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: * * * or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

2. The CFTC sought to enjoin and otherwise remedy violations of the Commodity Exchange Act, 7 U.S.C. §§ 1–24, arising out of the involvement of Heritage and the Weavers with an investment

scheme developed by Financial Partners Brokerage Ltd. and its principal Robert B. Serhant. That scheme itself has been the subject of CFTC enforcement activity.

3. Originally, Independence Bank refused to release the funds to the receiver because it was not a party to the preliminary injunction proceedings, so that the restraining order, sent to the bank by ordinary mail, was not properly served. Subsequent to a Show Cause hearing initiated by the receiver against Independence Bank, the district court ordered the Heritage funds to be transferred to an account in that bank in the receiver's name. This Court was advised by the receiver that he now has possession of those funds.

(the total of its employees' pension trust) was delivered to Heritage, pursuant to Heritage's solicitation, for investment in a Financial Partners Brokerage, Inc. account (see note 2 *supra*) but should now be returned to Saelens (App. 39–40). On February 10, 1983, the CFTC, the State of Illinois, the temporary receiver, and the defendants entered into a consent decree, implemented by a district court order, making permanent the earlier temporary injunction. The consent decree and order contained therein also appointed the temporary receiver as Equity Receiver of Heritage with authority "to continue to take and maintain possession, custody and control of all funds, property, premises, and other assets of defendant Heritage" (App. 51). The February 10 decree and order did not continue to impose a previous stay against creditor actions.

▮ Intervention is the procedural device by which Saelens, as a stranger to the CFTC enforcement action, seeks to present its claim and become a party with regard to that claim only. See J. Moore, 3B Moore's Federal Practice, ¶ 24.02 at 24–13. Four requirements must be satisfied for Saelens to intervene as a matter of right, pursuant to Fed.R.Civ.P. 24(a)(2),[4] in the CFTC action: its application must be timely; it must have an interest relating to the subject matter of the main action; as a practical matter, that interest must be at least potentially impaired by the disposition of that action in its absence; and that interest may not be already adequately represented by one of the existing parties to the action. *E.g., Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, 683 F.2d 201, 203 (7th Cir.1982). Failure to satisfy even one of these requirements is sufficient to warrant denial of a motion to intervene as a matter of right. *N.A.A.C.P. v. New York*, 413 U.S. 345, 369, 93 S.Ct. 2591, 2604, 37 L.Ed.2d 648; *Wade v. Goldschmidt*, 673 F.2d 182, 185 n. 4 (7th Cir.1982). The real disputes in this case involve the last two

Rule 24(a)(2) requirements, *i.e.*, whether or not Saelens' interest in the Heritage funds may be impaired by disposition of the CFTC enforcement action without Saelens, and if so, whether or not the CFTC can adequately represent that interest so that Saelens' intervention is not necessary. We conclude that Saelens can protect its interest in the Heritage funds by asserting its constructive trust claim in other available forums. Furthermore, to the extent that Saelens' interest could be impaired as a result of Schaumburg Bank's motion, that interest is adequately represented by the CFTC. Therefore, we affirm the district court's denial of Saelens' motion to intervene as a matter of right.

▮ Although it seeks to intervene in this case, Saelens has available at least two alternative forums in which to press its constructive trust claim. First, and preferably, it may assert this claim in the claims procedure established by the receiver and supervised by the district court (App. 50). Second, since there is no stay imposed on actions against the receiver, Saelens may sue the receiver directly to recover the $179,346.55 allegedly wrongfully held by the receiver. This availability of other forums distinguishes this case from *S.E.C. v. Flight Transportation Corp.*, 699 F.2d 943 (8th Cir.1983), on which Saelens relies. In *Flight*, pursuant to an SEC enforcement action, the district court had appointed a receiver to take control of the assets of a corporation which was allegedly in violation of federal securities laws. That court also stayed all other proceedings against the corporation, apparently without even establishing a procedure for filing claims with the receiver. See *id.*, 699 F.2d at 946–948. Under these circumstances, the Eighth Circuit panel allowed a private creditor to intervene in the SEC proceeding, noting that otherwise the creditor's interests "may be foreclosed by the action of the District Court." *Id.* at 948.

---

**4.** Alternatively, intervention may be obtained as a matter of district court discretion pursuant to Fed.R.Civ.P. 24(b). However, Saelens has not

argued that intervention should be allowed on that basis.

Saelens contends that while the ability to file a claim with the receiver may be adequate to protect the interest of a general creditor, it is not the proper avenue for asserting Saelens' claim of superior right to the funds as a beneficiary of a constructive trust. Saelens provides no authority to support this contention and has advanced no good reason to allow such a rigid and technical distinction in connection with a government enforcement action.[5]

It is true that where a proposed intervenor's interest will be prejudiced if it does not participate in the main action, the mere availability of alternative forums is not sufficient to justify denial of a motion to intervene. *Central States, Southeast and Southwest Areas Health and Welfare Fund v. Old Security Life Insurance Co.*, 600 F.2d 671, 681 (7th Cir.1979); *Clark v. Sandusky*, 205 F.2d 915, 919 (7th Cir.1953). However, presenting its constructive trust claim in either of these forums will not prejudice Saelens in its ability to protect its interest in the Heritage funds. Saelens, which has already filed its priority claim with the receiver, admits that it may assert its constructive trust claim as vigorously before the receiver as it could before the district court.[6] Furthermore, there is no question that Saelens may obtain district court review of any unfavorable decision of the receiver before the receiver disburses funds to other creditors since, as Saelens admitted at oral argument, the district court's approval of such disbursements is necessary. And of course, challenging directly the receiver's possession of the funds which Saelens claims as its own will amply protect Saelens' interest in those funds. Thus, as a practical matter, Saelens' claim of superior right in the Heritage funds will not be impaired if it is presented in a forum other than the main CFTC enforcement action.

Saelens notes that Schaumburg Bank has filed a district court motion seeking release, under an assignment theory, of $208,946.55 to it rather than to the receiver. Because Heritage's account[7] is not large enough to satisfy both Schaumburg's and Saelens' claims, Saelens argues that its interest will be impaired if Schaumburg's motion is granted, so that Saelens must be allowed to intervene. However, Saelens' claim of impaired interest is without merit, since both the district court and this Court have denied Schaumburg's motion. Furthermore, even if that motion had been granted, there would be no basis for Saelens' intervention. To the extent that Saelens has an impairable interest with regard to the Schaumburg motion, that interest is adequately represented by the CFTC, already a party to the action, so that Saelens' intervention is not necessary. The CFTC's representation of Saelens' is adequate with regard to Schaumburg's motion because (1) there has been no showing of collusion between the CFTC and Schaumburg, (2) the CFTC's opposition to Schaumburg's motion is not adverse to Saelens, and (3) there has been no indication of CFTC failure to fulfill its duty. See, *e.g., United States v. Board of School Commissioners of Indianapolis*, 466 F.2d 573 (7th Cir.1972), certiorari denied, 410 U.S. 909, 93 S.Ct. 964, 35 L.Ed.2d 271. For the above reasons, the district court's denial of Saelens' motion to intervene is affirmed.

---

**5.** It is noteworthy that a Tenth Circuit panel in *C.F.T.C. v. Chilcott Portfolio Management, Inc.*, 725 F.2d 584 (10th Cir.1984), also decided that a claim superior to that of general creditors (*i.e.,* a claim as a bailor) could be presented adequately at a receiver's claim proceeding so that intervention in the main action was not necessary.

**6.** At oral argument the CFTC conceded that it would not oppose Saelens' constructive trust claim.

**7.** At the time the CFTC action originated, the Heritage account contained approximately $330,000. (Dec. 14, 1982 Tr. at 5). A provision of the February 10, 1983 order implementing the consent decree authorized the receiver to disburse $100,000 of that amount. Thus, even assuming no further disbursement has taken place, the account is no larger than approximately $230,000.