Herman J. ATKINS, et al., Plaintiffs,

v.

**RAILROAD RETIREMENT BOARD, Defendant.**

**Civ.A. No. 84–05.**

Special Court,
Regional Rail Reorganization Act.

June 23, 1989.

Louis Strassberg, Strassberg & Strassberg, New York City, for Herman J. Atkins, et al.

C. Max Vassanelli, Richard K. Willard, Acting Asst. Atty. Gen., and Dennis G. Linder, Taras A. Bazyluk, Attys., U.S. Dept. of Justice, Civ. Div., Washington, D.C., for R.R. Retirement Bd.

Lucy S.L. Amerman, Cary A. Metz, Consol. Rail Corp., Philadelphia, Pa., for Consol. Rail Corp.

Before GASCH, Presiding Judge, and BRYANT and WEINER, Judges.

## MEMORANDUM–ORDER

### PER CURIAM.

This case is now before the Court on plaintiffs' motion for a more particular judgment and on Consolidated Rail Corporation's ("Conrail") motion to intervene. On February 12, 1987, this Court issued an order granting plaintiffs' motion for summary judgment. Our decision is reported at 654 F.Supp. 685 (1987).

Plaintiffs seek an amended judgment specifically ordering the Railroad Retirement Board ("Board") to pay $20,000 each to twenty of the plaintiffs under Article III of the Benefits Schedule prescribed by the Secretary of Labor under Section 701 of the Regional Rail Reorganization Act of 1973 ("Rail Act"), 45 U.S.C. § 797. Plaintiffs also seek post-judgment interest and attorney's fees from the Board for its alleged failure to comply with this Court's Order granting plaintiffs' motion for summary judgment.

The Board responds by asserting that it has done all it is legally empowered to do. The Board states that Section 701 has been amended by Section 4024(a) of the Conrail Privatization Act, Subtitle A of Title IV of the Omnibus Budget Reconciliation Act of 1986, Public Law 99–509. The Board claims that, under the newly enacted amendments to Title VII, it no longer has authority to pay the Section 701 benefits to plaintiffs. The Board also claims that monetary sanctions are barred by the doctrine of sovereign immunity. Moreover, the Board maintains such sanctions are inappropriate given the Board's fulfillment of its responsibilities under the Conrail Privatization Act amendments.

In our decision granting summary judgment to plaintiffs, we did not consider the Conrail Privatization Act amendments to Title VII. The decision was a limited review of the Board's determination that employees of a wholly-owned subsidiary of Conrail, Pennsylvania Truck Lines ("PTL"), were not eligible for benefits under Title VII. The Board denied plaintiffs Title VII benefits because it interpreted the applicable law and regulations and determined that PTL employees did not have an employment relationship with Conrail and therefore were not eligible for benefits under Section 701 and the Benefits Schedule. We exercised our jurisdiction under Section 1152(a)(1) of the Northeast Rail Service Act of 1981 ("NERSA") to review the Board's interpretation of Title VII which was added to the Rail Act by Section 1143(a) of NERSA. We found no Congressional intent to modify the rights of employees of Conrail

subsidiaries and reversed the Board's interpretation. The issue of whether plaintiffs were otherwise qualified for benefits under Title VII or the Benefits Schedule was not raised by either party before this Court. On the record before us, we found "there is no dispute as to the appropriateness of [the furloughed plaintiffs'] other qualifications for benefits." 654 F.Supp. at 687.

On June 5, 1987, the Board certified to Conrail the eligibility of 18 plaintiffs, who had made a claim for benefits before this case was filed. On October 21, 1987, the Board certified the eligibility of two additional plaintiffs, who were active employees when the suit was filed. Neither the Board nor Conrail have paid benefits to any of the plaintiffs certified as eligible.

Conrail seeks to intervene at this stage of the proceedings to oppose plaintiffs' motion and to assert its cross-motion for a more particular judgment. Conrail maintains it has a right to intervene pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure because it has a direct interest in issues presented in plaintiffs' motion for a more particular judgment. Conrail's sole interest is its possible financial liability to pay any Section 701 benefits due to plaintiffs. As an explanation for moving to intervene at this late stage in the proceedings, Conrail claims it did not have notice of this action until March 24, 1987, after the decision was issued and judgment entered. Conrail argues that the Board now believes it is relieved of any payment obligation by the Conrail Privatization Act and therefore the Board does not adequately represent Conrail's interests.

If permitted to intervene, Conrail would argue that the judgment should be limited to a declaration that plaintiffs as employees of PTL were employees of Conrail for the purposes of Section 701. Conrail claims the judgment should not order payment of any benefits to plaintiffs because it has information that each of the plaintiffs is ineligible on grounds not considered by the Board in its initial decision.

Plaintiffs oppose Conrail's motion to intervene and request sanctions under Rule 11, Fed.R.Civ.P. In their opposition to Conrail's intervention, plaintiffs claim Conrail does not have standing to intervene because the Board is solely responsible for determining eligibility for Section 701 benefits. Plaintiffs also oppose Conrail's intervention as untimely and barred by res judicata.

We first turn to Conrail's motion to intervene. Rule 24(a)(2) provides a right to intervene only if the applicant satisfies each of the following conditions: (1) the application must be timely, (2) the applicant must have a direct interest relating to the property or transaction which is the subject of the action, (3) the applicant's ability to protect his interest may be impeded by disposition of the action, (4) the applicant's interest must be inadequately represented by the existing parties. If the applicant for intervention fails to establish any one of these requirements, it may not intervene of right under Rule 24(a)(2).

Although both plaintiffs and Conrail have discussed at some length the timeliness of Conrail's post-judgment attempt to intervene, we need address that issue only if the other three requirements for intervention of right are satisfied. We first examine whether Conrail has demonstrated the existence of an interest that has not been adequately represented by the Board.

Generally, the burden of establishing inadequate representation, however minimal, remains on the applicant for intervention. *See Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972); *Bush v. Viterna,* 740 F.2d 350, 355 (5th Cir.1984); *Meridian Homes Corp. v. Nicholas W. Prassas & Co.,* 683 F.2d 201, 205 (7th Cir. 1982). When the applicant's interest is identical to that of an existing party, or if there is a party charged by law with representing the applicant's interest, a compelling showing is required to overcome the presumption of adequate representation. *See* 7C C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure,* § 1909, 324–349 (2d ed. 1986). In many circuits, representation is presumed adequate absent a demonstration of adversity of interest, collusion or nonfeasance on the part of

the existing parties. *See, e.g., United States Postal Service v. Brennan,* 579 F.2d 188, 191 (2d Cir.1978); *Delaware Valley Citizens Council v. Commonwealth of Pennsylvania,* 674 F.2d 970 (3d Cir.1982); *Commonwealth of Virginia v. Westinghouse Electric Corp.,* 542 F.2d 214, 216 (4th Cir.1976); *United States v. Board of School Commissioners,* 466 F.2d 573, 575 (7th Cir.1972); *National Farm Lines v. I.C.C.,* 564 F.2d 381 (10th Cir.1977). *But see United States v. A.T. & T.,* 642 F.2d 1285, 1293 (D.C.Cir.1980).

■ Conrail has not made any showing that the Board inadequately represented Conrail's interest. Administration of the Title VII program has been, and continues to be, the responsibility of the Board. The Board is charged by statute with defending its rulings on eligibility. The Conrail Privatization Act amendments to Title VII make those eligibility determinations made after the effective date of the amendments unreviewable.[1] During all pre-judgment stages of these proceedings, the interests of the Board encompassed, but were greater than, the interest now claimed by Conrail. The Board forcefully defended its decision to deny the plaintiffs benefits based on its interpretation of Section 701, but it did not prevail. Now, after the matter has been decided, Conrail seeks to intervene to interject issues not before the Board in its initial determination and not in the record before us. Conrail's only claim to inadequate representation is its dissatisfaction with the Board's litigation strategy. We therefore deny Conrail's motion to intervene. We do not, however, find Conrail's application to intervene to be so wholly without legal merit as to justify imposi-tion of sanctions under Rule 11, Fed.R. Civ.P. Accordingly, plaintiffs' request for sanctions is denied.

■ We now turn to plaintiffs' motion for a more particular judgment. The motion seeks an amended judgment ordering the Board to pay $20,000.00 to each of twenty named plaintiffs together with post-judgment interest and attorney's fees. When the plaintiffs filed their motion, they were justifiably concerned about the Board's compliance with the judgment. The Board had not yet taken action to comply with our order of February 12, 1987. After discussions with the Department of Justice over the applicability of the Conrail Privatization Act amendments and the "Transitional Employee Protection Implementation Agreement" entered into by the Board and Conrail, the Board did certify to Conrail that twenty of the plaintiffs were entitled to Section 701 benefits.[2] With this certification the Board believes it has complied with our judgment order within the limits of its authority under the Conrail Privatization Act.

It is the enactment of the Conrail Privatization Act which seems to have frustrated plaintiffs' attempts to obtain Section 701 benefits. When this action arose the Board was responsible for paying Title VII benefits to those employees it determined eligible under the Benefits Schedule. On December 20, 1986, the obligation to pay Section 701 benefits shifted from the Board to Conrail. Under Section 701(d)(2), as amended by Section 4024(a) of the Conrail Privatization Act, the Board retains sole authority to determine eligibility for Title VII benefits and Conrail is required to pay benefits to employees designated as eligi-

---

1. Section 4024(b) further amends section 701 by adding a new subsection (e) governing the resolution of disputes regarding eligibility for benefits. Section 701(e) provides in pertinent part: "DISPUTE RESOLUTION. —Any dispute or controversy regarding eligibility for benefits under this section shall be determined under such procedures as the Board may by regulation prescribe. Subject to administrative reconsideration by the Board under its own procedures, findings of fact and conclusions of law of the Board in determination of any claim for such benefits shall, in the absence of fraud or an action exceeding the Board's jurisdiction, be

binding and conclusive for all purposes and shall not be subject to review in any manner...."

2. By letter dated June 5, 1987, the Board certified for payment to Conrail the claims of 18 furloughed plaintiffs who had filed claims and been denied benefits before the suit was filed. After initially denying benefits to two additional plaintiffs whose employment status changed, the Board certified their entitlement on December 7, 1987.

ble by the Board. Conrail has assumed this liability for 3,404 other claimants certified to it by the Board. Declaration of Stanley Jay Shuman, ¶ 6. It has not, however, assumed liability for payment to the twenty plaintiffs certified as eligible. A judicial determination of Conrail's liability to these plaintiffs under the Conrail Privatization Act requires consideration of issues not properly before us in this case.

The judgment order simply grants the plaintiffs' motion for summary judgment. The Board has not had any difficulty in interpreting our order. On the contrary, it has complied with the order as far as it believes it is permitted to do so by the Conrail Privatization Act. The responsibility to pay Title VII benefits to those plaintiffs the Board has certified as eligible can be established in properly presented proceedings to enforce our judgment. It is needless to state that Conrail is a proper party to such an enforcement proceeding. We therefore deny plaintiffs' motion for a more particular judgment.

Now, therefore, it is by the Court this 23rd day of June 1989,

ORDERED that the motion of Conrail to intervene be, and hereby is, denied, and it is further

ORDERED that the motion of plaintiffs for a more particular judgment be, and hereby is, denied.