**The CIT GROUP EQUIPMENT FINANCING, INC., Plaintiff,**

v.

**Sam ALBERTO, Defendant.**

No. 88 C 6334.

United States District Court, N.D. Illinois, E.D.

Feb. 26, 1990.

Michael Weissman, Randall Rapp, Darlene Goring, Foley & Lardner, Chicago, Ill., for plaintiff.

Robert W. Fioretti, Robert W. Fioretti & Associates, Gregory E. Kulis, Glen Seiden & Associates, Chicago, Ill., for defendant.

Paul T. Fox, Lori A. Goldstein, Holleb & Coff, Chicago, Ill., for Lawndale Trust & Sav.

## ORDER

NORGLE, District Judge.

Before the court is the motion of E.A. Cox Company ("Cox"), pursuant to Fed.R. Civ.P. 24(a)(2), to intervene, as a matter of right, in the supplementary proceedings ongoing in this action.

## FACTS

On September 23, 1988, judgment by default was entered against defendant, Sam Alberto, and in favor of plaintiff, The CIT Group Equipment Financing, Inc., in the amount of $522,772.44, plus costs. Supplementary proceedings revealed that Alberto was the holder of 100% of the beneficial interest in Land Trust No. 1083725, with the Chicago Title and Trust Company as Trustee (the "Land Trust"). The Land Trust held title to real estate commonly known as 2424 S. Laflin Ave., Chicago, Illinois (the "Property"). CIT obtained a judgment lien against Alberto's beneficial interest in the Property through service of a citation to discover assets, pursuant to Fed.R.Civ.P. 69. On July 7, 1989, Alberto was ordered to execute and deliver to CIT, by July 17, 1989, an assignment of his

beneficial interest in the Land Trust. Alberto refused to comply with the court's orders and was found to be in contempt. Consequently, pursuant to Fed.R.Civ.P. 70, the court entered an order on July 19, 1989 divesting Alberto of all beneficial interest in the Land Trust and vesting the beneficial interest in CIT.

On August 11, 1989, The Lawndale Trust and Savings Bank, now known as the Bank of Chicago—Little Village, (the "Lawndale Bank") moved to intervene in this action, asserting a lien interest in the Land Trust. The Lawndale Bank asserted that it had obtained a judgment against Alberto in state court on April 28, 1988, in the amount of $224,654.13, and pursuant to that judgment served Alberto with a citation to discover assets on May 6, 1988, creating a judgment lien in its favor as to Alberto's beneficial interest in the Land Trust.

On October 12, 1989, an agreed order was entered which granted the Lawndale Bank's motion for leave to intervene and resolved the lien dispute between CIT and the Lawndale Bank. The agreed order also provided for absolute assignment of the beneficial interest in the Property to CIT and then from CIT to A & W Partners, an Illinois Partnership. The second assignment reflected a private sale of CIT's interest to A & W Partners.

For our purposes, the pertinent parts of the October 12, 1989 agreed order are as follows:

. . . . .

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that CIT is the owner of the entire beneficial interest in Trust No. 1083725 at Chicago Title and Trust Company, subject *only* to a prior collateral assignment in favor of Tinley Park Bank and, that following satisfaction of CIT'S judgment by assignment of said beneficial interest to A & W Partner, an Illinois general partnership, The Lawndale Trust and Savings Bank has a claim and lien against said beneficial interest which is junior and subordinate *only* to Tinley Park Bank.

. . . . .

IT IS FURTHER ORDERED, that Chicago Title and Trust Company, as Trustee aforesaid, as a result of the Uniform Commercial Code sale by CIT be, and hereby is, directed to record in the records of said Trust an absolute assignment of beneficial interest from CIT to A & W Partners, an Illinois general partnership, subject *only* to a prior collateral assignment in favor of Tinley Park Bank and the claim of The Lawndale Trust and Savings Bank against said beneficial interest which is junior and subordinate to the position of Tinley Park Bank. (emphasis added).

On December 19, 1989, Cox filed its Motion to Intervene, asserting that it is a lessee of a portion of the Property and that under the lease it "has a right of first refusal to purchase all of the property upon notification by Alberto of any proposed transfer thereof." Motion to Intervene, ¶ 6.

Attached as Exhibit A to Cox's Motion to Intervene is an untitled agreement between Alberto and Cox, dated April 1, 1983, which contains the terms of a lease for office space on the Property, as well as other property (the "Lease"). The Lease provides among other things, that "all conditions and covenants contained in this lease shall be binding upon the heirs, executors, administrators and assigns of the parties." Lease at p. 3. Attached to the Lease and included with Exhibit A is a document entitled "Rider Attached To And Made A Part Of The Lease Between E.A. Cox Company (Lessee) and Sam Alberto (Lessor) dated April 1, 1983." Paragraph 6 of the Rider states:

6) Lessor grants to Lessee the right of first refusal to acquire the Lessor's property (currently bounded by Lessor's fence) located on both the East and West side of Laflin Street from 2400 S. Laflin and running south to the ship canal. Said right is the right to acquire the property under the same terms and conditions as those offered by an armslength bona fide purchaser. Lessee must exercise said right in writing within fifteen working days of receipt of a written notification from Lessor of an exist-

ing offer to purchase. Lessor's notice shall have attached a fully executed copy of said offer to purchase.

Cox asserts that the Lease was recorded with the Cook County Recorder of Deeds. Cox does not indicate whether it lodged its interest with the Trustee of the Land Trust. Cox further asserts that it never received notice of the assignments of the beneficial interests in the Property.

### Discussion

Rule 24(a)(2) provides that:

[U]pon timely application anyone shall be permitted to intervene in an action: ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situate that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.[1]

The interest necessary to satisfy Rule 24(a)(2) must be "a direct, significant legally protectable interest." *American National Bank and Trust Company of Chicago v. The City of Chicago*, 865 F.2d 144, 146 (7th Cir.1989) *quoting Wade v. Goldschmidt*, 673 F.2d 182, 185 (7th Cir.1982). Whether an interest is impaired "depends upon whether the decision of a legal question involved in the action would as a practical matter foreclose rights of the proposed intervenors in a subsequent proceeding." 865 F.2d at 147–48, *quoting Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, 683 F.2d 201, 204 (7th Cir.1982). Foreclosure is defined in terms of *stare decisis*. 865 F.2d at 148.

■ Intervention as a matter of right is appropriate in this case. Cox claims a direct significant, legally protectable interest—rights of first refusal—relating to the Property which is the subject of these sup-

plementary proceedings, and the interest has been impaired.

Cox asserts that it "has a right of first refusal to purchase all of the property upon notification by Alberto of any proposed transfer thereof."[2] However, Cox's right of first refusal is not triggered by "any proposed transfer" of the property. Its right "is the right to acquire the property under the same terms and conditions as those offered by any arms-length bona fide purchaser." Cox's rights of first refusal are only triggered by written notice of an offer by an "arms-length bona fide purchaser." The written notice shall have attached a fully executed copy of the offer to purchase.

■ Cox's argument that the transfer from Albert to CIT was an arms-length transaction is unpersuasive. It was an involuntary transfer pursuant to court order. The price was the product of the amount of the judgment with little, if any, relation to the market value of the Property. That the amount of the judgment undoubtedly exceeds the value of the Property is illustrative of why the transfer from Alberto to CIT did not produce an offer from an "arms-length bona fide purchaser" which can serve as a barometer for the value of the property, setting the bench mark for an offer from Cox pursuant to its rights of first refusal.

■ The private sale from CIT to A & W Partners may have been an event which would be necessary to trigger Cox's rights of first refusal. Yet, even assuming the necessary offer by an "arms-length bona fide purchaser" occurred, it was not *sufficient* to trigger Cox's rights. The Lease, by giving Cox fifteen working days from the date of its receipt of written notice of an existing offer to purchase in which to exercise its rights, also implicitly requires that Cox receive written notice from the Lessor or his assigns of the offer to pur-

---

**1.** Timeliness and adequacy of representation are not issues here. Only two months passed from the entry of the agreed order until Cox moved to intervene—less time from the date Cox asserts it learned of the proceedings. No party even remotely represents Cox's interests.

**2.** Cox is correct in noting that a lease signed by the sole beneficiary of a land trust with power of direction is valid and enforceable. *See First National Bank of Barrington, Trust No. 11–1317 v. Oldenburg*, 101 Ill.App.3d 283, 56 Ill.Dec. 766, 427 N.E.2d 1312 (2d Dist.1981).

chase. Cox's denial of written notice is uncontradicted. Therefore, Cox's rights of first refusal were apparently never triggered and could not have expired. Contrary to Cox's assertions, the mere transfer of the Property does not terminate Cox's rights under the Lease.

However, the terms of the agreed order, which provide that CIT's and A & W Partners' respective interest in the Land Trust are subject *only* to a prior collateral assignment in favor of Tinley Park Bank and the claim of Lawndale Bank, may be interpreted as impairing, if not eliminating, Cox's rights of first refusal. Under the circumstances of this case, it was not the court's intention to impair or any way adjudicate any other claims or interest in the Property which might be asserted by persons not parties to the supplementary proceedings. Rather, it was the court's intention to simply resolve the relative priorities of the parties' interests. By including language providing that the interests of CIT and then of A & W Partners were subject *only* to the interests of Tinley Park and Lawndale Banks, the parties have drafted an agreed order so broad that it may be interpreted as clearing title, potentially affecting the interest of nonparties, such as Cox. Moreover, the parties have indicated no reason why the agreed order had to encompass the transfer of the beneficial interest in the Property from CIT to A & W Partners. Once the judgment lien created by the citation to discover assets was enforced by transferring the beneficial interest in the Property from the judgment debtor, Alberto, to the judgment creditor, CIT, the subsequent transfer by CIT was, as described in the agreed order at ¶ 8, merely a private transaction. Presumably, once CIT became the sole holder of the beneficial interest in the Property, rather than merely a collateral assignee, it then had the power to direct the Trustee to transfer CIT's interest to A & W Partners to reflect the sale. Including the transfer to A & W Partners, and limiting the claims to which A & W Partners took subject to, can be explained as an attempt to use this court to clear title. The supplementary proceeding in this case can only have the effect of transferring whatever interest the judgment debtor had in the Property, subject to any existing claims, liens or other interests, to the judgment creditor. CIT can only receive from Alberto whatever interest Alberto had in the Property. The same is true for CIT's assignee. The agreed order went too far.

Accordingly, the motion to intervene is granted. Furthermore, the agreed order of October 17, 1989 is amended (1) to delete the word "only" from third and ninth lines of the second full paragraph of the third page and (2) to delete the word "only" from the sixth line of the first paragraph of the fourth page.

Cox's rights of first refusal may or may not on their own accord be enforceable. However, as a result of these amendments to the agreed order, no order of this court has the effect of impairing the interests in the Property, if any, of Cox or any non-party. Since the terms of the Lease are binding upon Alberto's assigns, Cox may now protect its interests by attempting to enforce the terms of the Lease against Alberto and Alberto's immediate and remote assigns in a separate action.

IT IS SO ORDERED.